UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Steele, | ) | |
| | ) | No. 12 C 8303 |
| Petitioner, | ) | |
| | ) | Judge Thomas M. Durkin |
| v. | ) | |
| | ) | |
| Michael Lemke, Warden, | ) | |
| Stateville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Robert Steele, an Illinois state prisoner serving concurrent 35-year prison terms for attempted first degree murder and armed robbery, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. R. 21. Respondent Michael Lemke[1] answered the petition, arguing that the claims raised in it were untimely, non-cognizable on federal habeas review, and without merit. R. 23. The habeas petition is denied, and the Court declines to issue a certificate of appealability. The Court further denies Steele's request to stay these proceedings pending the outcome of his state court litigation. R. 18.

---

[1] Michael Lemke has succeeded Marcus Hardy as the warden of Stateville Correctional Center where Steele currently resides. Accordingly, Warden Lemke is substituted as the proper respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held."); *see also Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

1

## Background

In 2007, Steele was convicted by a Cook County jury of the attempted first degree murder and armed robbery of Tyrone Perry. R. 14-7 at 1. Following Steele's conviction, the state trial court sentenced Steele to concurrent 35-year prison terms. *Id.*; R. 24 at 16. On direct appeal, Steele argued that: (1) the trial court erred in issuing Illinois Pattern Jury Instruction 3.15 regarding eyewitness identifications, and (2) trial counsel was ineffective for failing to inform the jury that Perry had allegedly misidentified one of the lineup participants as one of the assailants. R. 14-7 at 6-13; R. 14-6 at 11-24. On December 31, 2008, the state appellate court affirmed Steele's convictions and sentences. R. 14-7 at 13. Steele petitioned for leave to appeal, re-raising his claim regarding Illinois Pattern Jury Instruction 3.15 to the state supreme court. R. 14-7 at 22-35. The state supreme court denied Steele's petition for leave to appeal ("PLA") on March 25, 2009. *Id.* at 52. Steele filed a petition for a writ of certiorari that the United States Supreme Court denied on October 5, 2009. *Steele v. Illinois*, 558 U.S. 914 (2009).

After his unsuccessful direct appeal, Steele pursued state postconviction relief. On December 22, 2009,[2] Steele filed a *pro se* postconviction petition under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, alleging that he was denied the effective assistance of counsel and that prejudicial remarks by the trial

---

[2] Pursuant to Illinois's "mailbox rule," Steele's postconviction petition is deemed filed on December 22, 2009, the date that he certified that he mailed the petition. *See People v. Saunders*, 633 N.E.2d 1340, 1341-43 (Ill. App. 2d Dist. 1994); *see also Ray v. Clements*, 700 F.3d 993, 1004-06 (7th Cir. 2012).

court and prosecutor denied him a fair trial. R. 14-2 at 20-44. The state circuit court dismissed the petition, concluding that it was frivolous and patently without merit. *Id.* at 49-52. On appeal to the state appellate court, Steele raised the same claims he pursued in his postconviction petition, and the state appellate court rejected them on February 14, 2012. R. 14-11 at 1-7. Steele re-raised his ineffective assistance of counsel claim in his ensuing PLA; the state supreme court denied the PLA on May 30, 2012. R. 14-14 at 1-30; R. 14-15.

On October 12, 2012, Steele mailed his § 2254 petition to this Court, and it was file-stamped by the Clerk's Office on October 16, 2012.[3] R. 1. The petition raised what Steele identified as three separate claims, though all these claims essentially alleged that Illinois Pattern Jury Instruction 3.15 is misleading. *Id.* at 9-15. The Warden answered the petition on February 1, 2013, arguing that Steele's jury instruction claim was not cognizable on federal habeas review. R. 13. Steele, in response, moved to stay these proceedings, claiming that he wished to exhaust new claims in state court via a successive postconviction petition. R. 18. The Warden opposed Steele's request for a stay, arguing that a stay was unwarranted because Steele had exhausted his state court remedies for the only claim raised in his § 2254 petition. R. 19. Following a status hearing on March 25, 2013, this Court received Steele's amended § 2254 petition on May 23, 2013, which raised the following claims: (1) Illinois Pattern Jury Instruction 3.15—which instructs jurors, when weighing the identification testimony of a witness, to consider the degree of

---

[3] The envelope in which Steele's § 2254 petition was mailed is postmarked October 12, 2012. R. 1.

3

confidence with which an eyewitness makes an identification—is misleading ("Claim 1"); (2) the 25-year sentence enhancement Steele received for personally discharging a firearm during the course of the attempted murder was void ("Claim 2"); and (3) the 25-year sentence enhancement Steele received for personally discharging a firearm during the course of the armed robbery violated the Illinois Constitution's Proportionate Penalties Clause ("Claim 3").[4] R. 21 at 9-25.

The Warden answered Steele's amended § 2254 petition, arguing that Claims 2 and 3 are untimely; Claims 1 and 3 are non-cognizable on federal habeas review; and Claim 2 is factually baseless and without merit. R. 23.

## Analysis

### I. Claims 2 and 3 Are Untimely.

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4] Steele received 10-year sentences on his attempted murder and armed robbery convictions, plus additional 25-year sentence enhancements on each conviction based on his personal discharge of a firearm during the course of those offenses. R. 14-5 at 314-15.

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D).

Steele's amended § 2254 petition included two additional sentencing claims not raised in his original habeas petition—Claims 2 and 3. The Warden argues that because Steele allowed more than one year of untolled time to lapse after his judgment of conviction became final before raising these two claims in federal court, they are untimely under § 2244(d)(1)(A).[5] In making this argument, the Warden asserts that the timeliness of Steele's claims be assessed on a claim-by-claim basis.

The Seventh Circuit has not yet decided whether the timeliness of § 2254 claims should be evaluated based on a single statute of limitations that applies to a § 2254 petition in its entirety or, on the other hand, whether individual claims in a petition must be evaluated for timeliness on a claim-by-claim basis. *See Taylor v. Michael*, 724 F.3d 806, 810 n.3 (7th Cir. 2013) (reserving for another day the question of how to evaluate the timeliness of § 2254 petition that presents multiple claims); *see also Judkins v. Hardy*, No. 12 C 4111, 2013 WL 2156038, at *4 (N.D. Ill. May 17, 2013) (noting Seventh Circuit had not yet resolved the issue). If a single

---

[5] Steele does not allege a state-created impediment to filing, assert a newly recognized and retroactively applicable constitutional right, or point to a factual predicate of a claim that could have been discovered through the exercise of due diligence. Accordingly, §§ 2244(d)(1)(B), (C), and (D) are inapplicable.

5

statute of limitations applies to a § 2254 petition as a whole, it would in turn follow that if any one claim brought in that petition is timely under AEDPA's limitations period, then all claims asserted are timely and subject to consideration. *Taylor*, 724 F.3d at 810 n.3. Applying that approach here would mean that the entirety of Steele's petition is timely because the Warden concedes (correctly) that Claim 1 is timely. R. 13 at 6. On the other hand, if timeliness is considered on a claim-by-claim basis, Claims 2 and 3 could be found untimely, even if Claim 1 is timely.

Circuits that have considered the question have uniformly held that timeliness of § 2254 claims should be evaluated on a claim-by-claim basis. *See Judkins*, 2013 WL 2156038, at *5 (collecting cases from the Third, Sixth, Ninth, Tenth, and Eleventh Circuits). Courts in this district have reached the same conclusion. *See id.*; *see also United States ex rel. Ramos v. Trancoso*, No. 09 C 4258, 2010 WL 3025013, at *3 (N.D. Ill. Aug. 2, 2010) (collecting additional out-of-district precedent involving courts applying claim-by-claim approach). Indeed, the claim-by-claim approach taken by these courts makes eminent sense for as discussed most aptly in *Fielder v. Varner*, 379 F.3d 113, 119-20 (3d Cir. 2004), adopting a whole-application approach would permit a habeas petitioner to resurrect an untimely claim by raising it alongside a timely claim, a result "Congress did not want to produce." The Court also finds this reasoning and the reasoning further articulated in these cases persuasive and will analyze the claims raised in Steele's § 2254 petition applying the claim-by-claim approach.

6

Applying that framework, the one-year limitations period for Claims 2 and 3 began to run on "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* § 2244(d)(1)(A). Steele's state court conviction became final on October 5, 2009, when the United States Supreme Court denied Steele's certiorari petition. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2001) (holding conviction becomes final for purposes of § 2244(d)(1)(A) when Supreme Court denies petition for certiorari).

Steele then allowed 77 days of untolled time to lapse between the Supreme Court's October 5, 2009 denial of his certiorari petition and the proper filing of his December 22, 2009 state postconviction petition. Steele's state postconviction filing immediately tolled the limitations period under § 2244(d)(2). *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). The limitations period remained tolled until May 30, 2012, when the Illinois Supreme Court denied Steele's request for leave to appeal from the state appellate court's order affirming the denial of postconviction relief. *See also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (providing for no tolling while certiorari petition following conclusion of state postconviction proceedings was pending); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (indicating that no tolling was available during 90-day period where habeas petitioner could have, but did not, seek certiorari following conclusion of state postconviction proceedings). After the Illinois Supreme Court denied Steele's postconviction PLA, 357 days of untolled time elapsed between the conclusion of his

7

state postconviction proceedings on May 30, 2012, and the Court's receipt of Steele's amended § 2254 petition raising Claims 2 and 3 on May 23, 2013.[6]

Because the pendency of Steele's initial § 2254 petition—postmarked on October 12, 2012, and received by this Court on October 16, 2012—did not act to toll the limitations period, *see Duncan v. Walker*, 533 U.S. 167, 180-81 (2001), Claims 2 and 3 are timely only if they relate back to the filing date of Steele's original petition.[7]

New claims in an amended § 2254 petition relate back to the date of the original pleading if "the original and amended petitions state new claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim in an amended petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650; *see also* Fed. R. Civ. P. 15(c)(1)(B) (providing for pleading amendments to relate back to date of original pleading when claim asserted in amended pleading "arose out of the conduct, transaction, or occurrence

---

[6] Steele did not date his amended § 2254 petition. R. 21. Nor did Steele provide a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting forth the date he deposited his amended § 2254 petition in the institutional mail with first-class postage prepaid. Accordingly, Steele has failed to comply with Rule 3(d) of the Rules Governing Section 2254 Cases and is thus not entitled to the benefit of the mailbox rule. *See* Rule 3(d) ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing . . . . Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."); *see also United States v. Craig*, 368 F.3d 738, 740-41 (7th Cir. 2004) (requiring strict compliance with similarly-worded "mailbox rule" in Fed. R. App. P. 4(c)).

[7] Claims 2 and 3 are untimely regardless of the date Steele's original petition is deemed filed.

set out—or attempted to be set out—in the original pleading"). A criminal trial, conviction, or sentence itself is not a transaction or occurrence for purposes of the relation back doctrine. *Mayle*, 544 U.S. at 662. Such a rule makes sense because "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.*

There is no common core of operative facts here that allow for Claims 2 and 3 to relate back to Claim 1, the only claim raised in Steele's original habeas petition. Claim 1 alleged that Illinois Pattern Jury Instruction 3.15 was misleading. By contrast, Claims 2 and 3 relate to Steele's sentences and the propriety of his 25-year sentence enhancements to his attempted first degree murder and armed robbery convictions based on his personal discharge of a firearm during those offenses. These sentencing claims do not share a common core of operative facts with Steele's jury instruction challenge. Indeed, the sentencing claims are factually separate from Steele's original claim and deal with a completely different subject matter. Consequently, Claims 2 and 3 do not relate back to Claim 1 raised in Steele's timely October 16, 2012 petition.

Equitable tolling of the limitations period is unavailable here. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Griffith v.*

9

*Rednour*, 614 F.3d 328, 331 (7th Cir. 2010). Steele has not invoked the doctrine of equitable tolling, and nothing in the record indicates that equitable tolling would apply.

Steele does not dispute the Warden's timeliness calculations. Nor could he. The Court's independent calculation of the timeliness of Claims 2 and 3 reveals them to be untimely. To get around this, Steele instead argues that his 25-year sentence enhancement to his attempted murder conviction (Claim 2) is void,[8] and invokes the Illinois principle that a void sentence can be challenged at any time, including in this federal habeas proceeding regardless of the claim's timeliness. But under this logic, a federal habeas petition could never be time-barred. Whenever a habeas petitioner challenges his state court conviction in a § 2254 proceeding, he is alleging that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, by its nature, a § 2254 petition essentially challenges a conviction and sentence as being "void." To be sure, subject to certain limitations, an individual convicted under the Illinois criminal code may challenge a void sentence in an Illinois court at any time. *See People v. Flowers*, 802 N.E.2d 1174, 1184 (Ill. 2003). But AEDPA sets forth a clear one-year limitations period in which a state prisoner may bring claims in a *federal* habeas court. And here, the Court has found that Steele's sentencing claims are time-barred under that limitations period. Therefore, allowing Steele to get around AEDPA's limitations period through application of the Illinois voidness rule would in turn

---

[8] Steele does not appear to make any similar argument regarding Claim 3.

10

render that limitations period completely inapplicable to all Illinois sentencing claims, which is an unreasonable result. Steele cites no federal district court case that has ever found the Illinois voidness rule to be an exception to AEDPA's one-year limitations period, and the Court has likewise found none. Accordingly, the Court declines to find such an exception in Steele's case here.

In the end, Claims 2 and 3 are untimely under § 2244(d)(1)(A).[9] When totaling (1) the 77 days of untolled time that lapsed between the conclusion of Steele's direct appeal and the filing of his state postconviction petition; and (2) the 357 additional days of untolled time that lapsed between the conclusion of his state postconviction petition and the filing of his amended § 2254 petition, 434 days of untolled time elapsed before Steele asserted Claims 2 and 3 in this Court. Accordingly, because Steele raised these claims more than one year after Steele's judgment of conviction became final, they are untimely and dismissed with prejudice. *See Jones v. Hulick*, 449 F.3d 784, 788-89 (7th Cir. 2006).

## II. Claims 1 and 3 Are Not Cognizable On Federal Habeas Review.

Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

---

[9] The Warden also argues in the alternative that Claim 2 is factually baseless and meritless. R. 23 at 9-10. The Court, however, need not reach the merits of Claim 2 because it is untimely.

Claim 1, which challenges Illinois Pattern Jury Instruction 3.15 as misleading, presents a question of state law.[10] Illinois Pattern Jury Instruction 3.15 instructs jurors to consider the degree of confidence with which an eyewitness makes an identification. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1999) (internal quotation marks omitted). Claim 1, as pled, does not allege a claim that Steele's custody violates "the Constitution or laws or treaties of the United States." Nor does it allege that the issuance of that jury instruction was contrary to, or an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Indeed, long-standing Supreme Court precedent—unaltered by recent Supreme Court decisions—expresses approval for considering the certainty with which a witness identifies a suspect when considering the reliability of that identification. *See Neal v. Biggers*, 409 U.S. 188, 199 (1972) (noting among factors to consider in evaluating a witnesses' ability to make an accurate identification is "the level of certainty demonstrated at the confrontation"); *Perry v. New Hampshire*, 132 S. Ct. 716, 725 n.5 (2012).

Because Steele has failed to ground Claim 1 with a basis in federal law, Steele is left to rely on a claim that seeks only to remedy an error in state law. That, however, is not a claim that is cognizable on federal habeas review. *See Gilmore v. Taylor*, 508 U.S. 333, 342 (1993) (stating that jury instructions "contain[ing] errors of state law may not form the basis for federal habeas relief"); *see also Estelle*, 502

---

[10] The Warden concedes that Claim 1 is timely and is not barred by non-retroactivity or non-exhaustion principles. R. 13 at 6.

U.S. at 67-68 ("[I]it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) ("We agree with the State that Curtis is impermissibly attempting to use a petition for a writ of habeas corpus to press his preferred interpretation of Illinois law. We may not review state-court interpretations of state law.").

Claim 3 alleges Steele's 25-year sentence enhancement to his armed robbery conviction is a violation of the Proportionate Penalties Clause of the Illinois Constitution. Article 1, § 11 of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." This claim is similarly not cognizable. *See e.g.*, *United States ex rel. Keller v. McCann*, 553 F. Supp. 2d 1002, 1011-12 (N.D. Ill. 2008) (finding challenge to Illinois firearm enhancement statute as violative of Illinois Constitution's Proportionate Penalties Clause to be non-cognizable on federal habeas review); *see also Nichols v. Hardy*, No. 11 C 2059, 2011 WL 4585577, at *4 (N.D. Ill. Sept. 30, 2011) (same). Thus, not only is Claim 3 untimely, but it is also not cognizable on federal habeas review.

### III. Steele Is Not Entitled to a Stay.

Before Steele filed his amended § 2254 petition, he filed a motion to stay these federal habeas proceedings so that he could pursue a successive postconviction petition in state court. R. 18. He did not, however, specify in his motion to stay what claims he intended to raise in state court. In his amended § 2254 petition, which

13

added Claims 2 and 3, Steele supplemented his request to stay, adding that he had raised Claim 2 in a section 2-1401 petition for relief from judgment, 735 ILCS 5/2-1401, in the state circuit court, and that he had raised Claim 3 in a successive postconviction petition. R. 21 at 26. Steele then renewed his request for a stay, asking that his federal habeas proceedings be stayed until his sentencing claims could be resolved in those state court proceedings. *Id.* The Warden opposes the stay, arguing that Steele fails to meet the threshold requirements for a stay, namely that the claims in the § 2254 petition be timely. R. 23 at 10. The Warden is correct.

A stay and abeyance of a mixed federal habeas petition—one containing exhausted and unexhausted claims—may be warranted in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, though, Steele's newly asserted claims—Claims 2 and 3—are untimely so a stay of these proceedings is unwarranted to exhaust the state court remedies for them. *See, e.g., Coleman v. Pfister*, No. 12 C 952, 2013 WL 1337324, at *7 (N.D. Ill. Mar. 29, 2013) (denying motion for stay where § 2254 petition was untimely); *United States ex rel. Smith v. Rednour*, No. 10 C 2767, 2010 WL 4363380, at *7 (N.D. Ill. Oct. 26, 2010) (same). Additionally, a stay to exhaust Claim 3 is not warranted because Claim 3 is not a cognizable claim on federal habeas review. *See* 28 U.S.C. § 2254(b)(2) (allowing denial of unexhausted claim on merits); *see also Perruquet v.* Briley, 390 F.3d 505, 514 (7th Cir. 2004) (citing cases). The Court therefore denies Steele's request for a stay.

## IV. A Certificate of Appealability is Unwarranted.

Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). And where a petition is disposed of based on a procedural bar, without reaching the merits of the underlying constitutional claims, a certificate of appealability should issue only if reasonable jurists would find the adjudication of the antecedent procedural ruling "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Lavin*, 641 F.3d at 832. Here, because the untimeliness of Claims 2 and 3 is not debatable, a certificate of appealability is denied on those claims. *See Slack*, 529 U.S. at 584 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). The Court's further denial of Claims 1 and 3 rests on the application of well-settled precedent regarding the non-cognizability of these claims on federal habeas review. Accordingly, certification of any of Steele's claims for appellate review is denied.

**Conclusion**

For the foregoing reasons, Steele's § 2254 petition is denied. Claims 1 and 3 are not cognizable on federal habeas review, and Claims 2 and 3 are untimely. The Court further declines to issue a certificate of appealability for any of Steele's claims. Finally, the Court denies Steele's request for a stay, R. 18.

ENTERED:

_____
Thomas M. Durkin
United States District Judge

Dated: January 14, 2014